MAYNARD v SAUSEDA (ON REMAND)

Docket Nos. 73952, 73953. Submitted September 27, 1983, at Lansing.
—Decided November 8, 1983.

Mildred C. Maynard received severe injuries as a result of an automobile accident in which the automobile in which she was riding was struck by an automobile being driven by Leon W. Sauseda and owned by Andrew L. Sauseda. Leon Sauseda was insured by United Fire Insurance Company. Mildred C. Maynard and her husband, William A. Maynard, filed suit in Saginaw Circuit Court against Leon and Andrew Sauseda seeking damages for the injuries suffered and loss of consortium, respectively. The plaintiffs entered into a settlement agreement with Andrew Sauseda whereby Andrew Sauseda's insurer paid to the plaintiffs an amount of money equal to Andrew Sauseda's insurance policy limits. A default judgment was entered against Leon Sauseda. Both Leon Sauseda and United were given notice of every significant step in the proceedings. Thereafter, Leon Sauseda executed an assignment to the plaintiffs of all of his rights against United in exchange for the Maynards' agreement not to attempt to collect their judgment from him personally or to take any further action against him. Thereafter, a writ of garnishment was issued against United. The court, Gary R. McDonald, J., entered a partial summary judgment for the plaintiffs finding that United had a duty to defend Leon Sauseda in the principal action and directing that the default judgment be paid by United. The court denied United's motion to set aside the default judgment. Leon Sauseda and United both appealed separately raising numerous allegations of error and the plaintiffs cross-appealed. The cases were consolidated by the Court of Appeals. The Court of Appeals affirmed holding that when an insurance company breaches its

---

References for Points in Headnotes

[1] 7A Am Jur 2d, Automobile Insurance §§ 449, 460.

[1, 2] 7 Am Jur 2d, Automobile Insurance § 395.
  Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy. 49 ALR2d 694.

[2] 7A Am Jur 2d, Automobile Insurance § 460.

duty to defend an insured, the insurer is obligated to make the insured whole for any damages suffered by the insured as a result of that breach of contract. The Court found that the default judgment totalling over $200,000 which had been entered against Leon Sauseda represented such damages. 121 Mich App 644 (1982). United thereafter sought leave to appeal in the Michigan Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Stockdale v Jamison,* 416 Mich 217 (1982). 417 Mich 1100.20; 338 NW2d 189 (1983). On remand, *held:*

1. The assignees of the insured can recover no more than the insured could have recovered from his own insurer. Such amount is not necessarily the full amount of the default judgment, but, instead, is the amount of the insured's assets which are not exempt from legal process.

2. The judgment entered in favor of the plaintiffs for more than $200,000 is set aside, and, in lieu thereof, a judgment is to be entered against United in an amount equal to Leon Sauseda's assets which are not exempt from legal process. The case is remanded to the trial court for a determination of such amount and the entry of a judgment in accordance with this opinion.

Reversed and remanded with instructions.

1. INSURANCE — AUTOMOBILES — DUTY TO DEFEND — ASSIGNMENT OF CLAIMS.

A person who suffers injury as a result of an automobile accident and who obtains a default judgment against the driver of the other automobile and an assignment from the driver of his claim against the driver's insurer for failure to defend the action may recover no more from the driver's insurer than the insured driver could have recovered.

2. INSURANCE — DUTY TO DEFEND — DAMAGES.

The insured's loss caused by breach of the insurer's duty to defend is principally the loss the insured would have suffered by enforcement of the judgment against him, which would be limited by the amount of the insured's assets not exempt from legal process.

*Timothy J. Taylor, P.C.* (by *Timothy J. Taylor),* for plaintiffs.

*Fordney & Cady, P.C.* (by *J. Michael Fordney),* for Leon Sauseda.

*Daniel S. Cooper, P.C.* (by *Daniel S. Cooper),* for United Fire Insurance Company.

ON REMAND

Before: DANHOF, C.J., and ALLEN and R. B. BURNS, JJ.

PER CURIAM. We revisit this case by reason of an order of the Supreme Court dated September 21, 1983, vacating the judgment of this Court in *Maynard v Sauseda,* 121 Mich App 644; 329 NW2d 774 (1982), and remanding to this Court "for reconsideration in light of *Stockdale v Jamison,* 416 Mich 217; 330 NW2d 389 (1982)". 417 Mich 1100.20; 338 NW2d 189 (1983).

The difference between our opinion in *Maynard, supra,* and the Supreme Court's opinion in *Stockdale, supra,* lies in the amount of damages held to be recoverable upon a default judgment obtained by an injured party when an insurance company breaches its contractual duty to defend its insured. In *Maynard,* the Maynards obtained a default judgment against Leon Sauseda for $200,000 when United Fire Insurance Company refused to defend the action on grounds that the car Leon was driving when the accident occurred was not covered under the policy. Leon subsequently executed an assignment to the Maynards of all of his rights against United in exchange for the Maynards' agreement not to attempt to collect the judgment from Leon personally.

When a writ of garnishment was filed against United, a motion was made by United to set aside

the default. That motion was denied. Subsequently, the trial court, after rejecting United's claim that because it had acted in good faith damages should not exceed the face amount of the policy, granted the Maynards' motion for summary judgment for the full amount of the default judgment. In so doing, the trial court relied on this Court's opinion in *Stockdale v Jamison,* 99 Mich App 534; 297 NW2d 708 (1980), and held that the garnishee insurance company was liable for the entire judgment in excess of the policy limits irrespective of the question of bad faith. United appealed to this Court claiming, *inter alia,* that the trial court erred in requiring United to pay the full amount of the judgment. We affirmed the trial court saying in relevant part:

"Instead, United contends that, in the absence of bad faith, it should only be liable for damages up to the face amount of the policy. Although the trial court stated that it had little sympathy for United and although the facts may have justified a finding of bad faith on the part of United, the trial court did not specifically make a finding that United *had* acted in bad faith, and we do not sustain the trial court on the basis that United acted in bad faith. Instead, we affirm the trial court on the basis that when an insurance company breaches its duty to defend an insured, the insurer is obligated to make the insured whole for any damages suffered by the insured as a result of that breach of contract. In this case, judgments totalling over $200,000 have been entered against Leon, who had not been defended in court or otherwise, a defense United had contractually agreed to provide." *Maynard, supra,* pp 654-655. (Emphasis in original.)

The Supreme Court granted leave to appeal in *Stockdale* and on December 23, 1982, only two weeks after our decision in *Maynard,* announced a

rule of damages quite different from the rule announced by this Court. Factually, *Stockdale* and *Maynard* are virtually indistinguishable. In *Stockdale,* three plaintiffs were injured when their automobile collided with a 1960 Chevrolet owned and operated by Wayne Jamison and insured by Farm Bureau Insurance Group. Farm Bureau, after an investigation, advised Jamison that there was no coverage available since its policy covered a 1959 truck and not the 1960 Chevrolet. Plaintiffs filed separate lawsuits and when Farm Bureau refused to defend, default judgments were entered for $53,941.25, $21,396.50 and $85,586. Jamison then gave assignments to plaintiffs who filed garnishments against Farm Bureau for the amounts of the default judgments. The trial court instructed the jury that, unless the insurer's decision not to defend was made in bad faith, Farm Bureau would not be liable for damages over the policy limit of $20,000. The jury returned a verdict for $20,000 but the trial court granted judgment *non obstante veredicto* in favor of plaintiffs for the full amount of the default judgments. The trial court held that the question of good faith or bad faith was not to be considered.

This Court affirmed,[1] but on appeal the Supreme Court reversed and remanded. While agreeing with the trial court and the Court of Appeals that good faith is not a defense to an action for breach of the insurer's duty to defend, the Court held that the assignees of the insured can recover no more than the insured could have recovered from his own insurer. Such amount is not necessarily the full amount of the default judgment, but, instead,

---

[1] "Farm Bureau had an absolute duty to defend Jamison and the trial judge was correct in stating the question of good faith or bad faith on the part of Farm Bureau is not a matter to be considered." *Stockdale, supra,* 99 Mich App 544.

is the amount of the insured's assets not exempt from legal process.

"When plaintiffs obtained an assignment from Jamison, they did not acquire the right to recover from Farm Bureau the amount of the default judgment. What they acquired was the right to recover from Farm Bureau the amount Farm Bureau owed Jamison as damages for the breach. That amount is fixed by measuring the actual loss suffered by Jamison as a result of the breach. Thus plaintiffs are entitled to recover an amount of money equal to the actual cost to Jamison of Farm Bureau's failure to defend, principally the loss Jamison would have suffered had plaintiffs attempted to enforce their judgments against him.

"Had plaintiffs sought to enforce their judgments against Jamison, their recovery would have been limited by the amount of Jamison's assets not exempt from legal process. If Jamison had been a wealthy man, he might have been required to pay the entire amount of the judgment. But if, as appears to be the case, Jamison is judgment-proof, plaintiffs would have recovered nothing and Jamison would have lost nothing as a result of the breach.

"*We hold that ordinarily an insurer's liability for breach of its contractual duty to defend its insured is limited to an amount equal to the insured's assets not exempt from legal process.*" *Stockdale, supra,* 416 Mich 227-228. (Emphasis added; footnotes omitted.)

The Court then concluded that the parties seemed to have agreed that Jamison was impecunious, and, if so, he was not monetarily damaged by the judgment against him and, thus, plaintiffs' damages would not exceed $20,000. However, the Court added that if plaintiffs wanted to show that Jamison had assets from which they could have recovered some portion of the default judgments in excess of the policy limits, plaintiffs could apply to the circuit court for a hearing thereon. *Id.,* pp 228-229.

In summary, the Supreme Court's decision in *Stockdale* compels us on remand to set aside the judgment entered in favor of plaintiffs for more than $200,000, and, in lieu thereof, to enter judgment against United in an amount equal to Leon Sauseda's assets not exempt from legal process. Unfortunately, we are unable to determine precisely what that amount would be. Unlike the situation in *Stockdale,* the parties in the instant case have not agreed, nor does the file or briefs disclose, whether Leon Sauseda was impecunious or whether he had assets which could have been applied to some portion of the judgment in excess of the policy limits. Accordingly, we remand to the trial court for such a determination. Upon remand, plaintiff may show that the insured did have assets which could have been applied in part on the excess judgment.

Reversed and remanded for entry of judgment in accordance with this opinion. No costs, neither party having prevailed in full.